UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

**STEUBEN FOODS, INC.**,

    *Plaintiff*,

    -*v.*-

**NESTLÉ USA, INC.**

    *Defendant*.

**COMPLAINT**

Civil Action No.

**JURY TRIAL DEMANDED**

The plaintiff, Steuben Foods, Inc. ("Steuben"), by its attorneys, Oblon, Spivak, McClelland, Maier & Neustadt, L.L.P., and Hiscock & Barclay, LLP, for its Complaint against the defendant, Nestlé USA, Inc. ("NUSA"), alleges as follows:

## NATURE OF ACTION

1. This is an action brought pursuant to the Patent Laws of the United States of America, 35 U.S.C. § 100 *et seq*., for infringement of United States Patents.

## PARTIES

2. Plaintiff Steuben is a New York corporation which maintains a place of business at 1150 Maple Road in Elma, New York 14059.

3. Upon information and belief, NUSA is a Delaware corporation, registered to do business in the State of New York, and having a principal place of business at 800 North Brand Boulevard, Glendale, California 91203.

## JURISDICTION AND VENUE

4. This Court possesses subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court possesses personal jurisdiction over NUSA in that NUSA is doing and has done business in New York, including within this District. Additionally, NUSA contracts to supply goods or services throughout New York, including within this District.

6. Alternatively, this Court possesses personal jurisdiction over NUSA in that NUSA has committed tortious acts in New York.

7. Alternatively, this Court possesses personal jurisdiction over NUSA in that NUSA has committed acts of patent infringement outside of New York, which caused injury within the State, and it:

   a) regularly does or solicits business in New York;

   b) derives substantial revenue from goods used or consumed, or services rendered, in New York; or

   c) expects or should reasonably expect its acts of patent infringement to have consequences in New York, and it derives substantial revenue from interstate or international commerce.

8. Venue is proper in the United States District Court for the Western District of New York under 28 U.S.C. §§ 1391(b), 1391(c) and/or 1400(b).

## FACTUAL BACKGROUND

**A. STEUBEN'S PATENTS**

9. On September 20, 2005, the U.S. Patent and Trademark Office (the "PTO") issued U.S. Patent No. 6,945,013, entitled, "Method And Apparatus For Aseptic Packaging" ("'013 Patent"). The '013 Patent, a copy of which is annexed as Exhibit A, is fully incorporated into this Complaint by reference.

10. The '013 Patent is valid and subsisting, and Steuben is the exclusive owner of all rights, title and interests in the '013 Patent, including the right to sue for infringement of the '013 Patent.

11. On March 25, 2003, the PTO issued U.S. Patent No. 6,536,188, entitled, "Method And Apparatus For Aseptic Packaging" ("'188 Patent"). The '188 Patent, a copy of which is annexed as Exhibit B, is fully incorporated into this Complaint by reference.

12. The '188 Patent is valid and subsisting, and Steuben is the exclusive owner of all rights, title and interests in the '188 Patent, including the right to sue for infringement of the '188 Patent.

13. On November 19, 2002, the PTO issued U.S. Patent No. 6,481,468, entitled, "Apparatus And Method For Providing Container Filling In An Aseptic Processing Apparatus" ("'468 Patent"). The '468 Patent, a copy of which is annexed as Exhibit C, is fully incorporated into this Complaint by reference.

14. The '468 Patent is valid and subsisting, and Steuben is the exclusive owner of all rights, title, and interests in the '468 Patent, including the right to sue for infringement of the '468 Patent.

15. On November 5, 2002, the PTO issued U.S. Patent No. 6,475,435, entitled, "Apparatus And Method For Providing Sterilization Zones In An Aseptic Packaging Sterilization Tunnel" ("'435 Patent"). The '435 Patent, a copy of which is annexed as Exhibit D, is fully incorporated into this Complaint by reference.

16. The '435 Patent is valid and subsisting, and Steuben is the exclusive owner of all rights, title and interests in the '435 Patent, including the right to sue for infringement of the '435 Patent.[1]

17. On April 3, 2001, the PTO issued U.S. Patent No. 6,209,591, entitled, "Apparatus and Method for Providing Container Filling In An Aseptic Processing Apparatus" ("'591 Patent"). The '591 Patent, a copy of which is annexed as Exhibit E, is fully incorporated into this Complaint by reference.

18. The '591 Patent is valid and subsisting, and Steuben is the exclusive owner of all rights, title and interests in the '591 Patent, including the right to sue for infringement of the '591 Patent.

19. The '013 Patent, '188 Patent, '468 Patent, '435 Patent and '591 Patent are collectively referred to below as the "Patents in Suit."

**B.    INFRINGEMENT BY NUSA**

20. In contravention of 35 U.S.C. § 271, NUSA has infringed the Patents in Suit by using certain low-acid aseptic bottle filling machines embodying one or more claims of the Patents in Suit (each an "Infringing Machine" and collectively the "Infringing Machines"), without authorization or license from Steuben. Without limitation, the Infringing Machines include the "Unibloc" or "ECOSpin" systems NUSA purchased from GEA Procomac S.p.A. ("GEA") and/or an entity or entities affiliated with GEA, including without limitation the "Fillstar" bottle filling machine constituting a component thereof.

---

[1] The '435 Patent is undergoing reexamination at the United States Patent and Trademark Office. Steuben inadvertently allowed that reexamination proceeding to terminate. Upon recognizing this oversight, Steuben filed a petition to revive the reexamination proceeding on June 25, 2013. The PTO has not issued a notice of abandonment and/or a reexamination certificate, and therefore, the '435 Patent remains in full force and effect. Steuben expects its petition to be granted by the PTO in the near term.

21. Upon information and belief, NUSA has purchased and installed at least six Infringing Machines from GEA and/or an entity or entities affiliated with GEA.

22. Upon information and belief, NUSA installed the Infringing Machines at NUSA's manufacturing facility in Anderson, Indiana.

23. Upon information and belief, NUSA is using the Infringing Machines to aseptically fill containers such as bottles or jars with aseptically sterilized foodstuffs infringing the Patents in Suit as set forth herein.

**C.   NOTICE TO NUSA OF THE PATENTS IN SUIT**

24. On or about October 4, 2012, Steuben sent a letter to NUSA that placed NUSA on formal notice of the existence of the Patents in Suit and informed it of Steuben's assertion that its use of the Infringing Machines infringes the Patents in Suit.

25. Upon information and belief, in November, 2011, representatives of NUSA attended the *ASEPTIPAK Global Forum on Aseptic Processing, Filling & Packaging* in Chicago, Illinois, the aseptic industry's annual forum.  At that forum, the featured panel discussion was the *Legal Status and Commercial Impact of the Steuben Litigation* (referring to the Patents in Suit and two enforcement lawsuits that had been filed by that time by Steuben Foods).

26. Having actual and direct notice of the Patents in Suit, NUSA has knowingly and willfully infringed, and continues to infringe, the Patents in Suit in blatant disregard of Steuben's rights, title and interests therein..

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**
**(Infringement of U.S. Patent No. 6,945,013)**

27. Steuben repeats and realleges each of the allegations contained in paragraphs 1 through 26 as if fully set forth here.

5

28. NUSA has infringed, and continues to infringe, the '013 Patent by, without authorization or approval from Steuben, using the Infringing Machines.

29. NUSA has had actual and direct notice of the '013 Patent since at least November 2011.

30. Despite being actually and directly on notice of the '013 Patent, and Steuben's rights, title and interests therein, NUSA has continued using the Infringing Machines without authority or license from Steuben.

31. NUSA is liable for direct infringement of the '013 Patent, and for an amount of damages to be determined at trial.

32. NUSA's infringement of the '013 Patent has irreparably injured and damaged Steuben, and will cause Steuben further irreparable injury and damage in the future unless NUSA is enjoined from further infringement.

33. Steuben is entitled to recovery of treble damages, attorneys' fees, and costs from NUSA in that NUSA's infringement of the '013 Patent has been willful, deliberate, and intentional.

**SECOND CAUSE OF ACTION**
**(Infringement of U.S. Patent No. 6,536,188)**

34. Steuben repeats and realleges each of the allegations contained in paragraphs 1 through 33 as if fully set forth here.

35. NUSA has infringed, and continues to infringe, the '188 Patent by, without authorization or approval from Steuben, using the Infringing Machines.

36. NUSA has had actual and direct notice of the '188 Patent since at least November 2011.

37. Despite being actually and directly on notice of the '188 Patent, and Steuben's rights, title and interests therein, NUSA has continued using the Infringing Machines without authority or license from Steuben.

38. NUSA is liable for direct infringement of the '188 Patent, and for an amount of damages to be determined at trial.

39. NUSA's infringement of the '188 Patent has irreparably injured and damaged Steuben, and will cause Steuben further irreparable injury and damage in the future unless NUSA is enjoined from further infringement.

40. Steuben is entitled to recovery of treble damages, attorneys' fees, and costs from NUSA in that NUSA's infringement of the '188 Patent has been willful, deliberate, and intentional.

### THIRD CAUSE OF ACTION
### (Infringement of U.S. Patent No. 6,481,468)

41. Steuben repeats and realleges each of the allegations contained in paragraphs 1 through 40 as if fully set forth here.

42. NUSA has infringed, and continues to infringe, the '468 Patent by, without authorization or approval from Steuben, using the Infringing Machines.

43. NUSA has had actual and direct notice of the '468 Patent since at least November 2011.

44. Despite being actually and directly on notice of the '468 Patent, and Steuben's rights, title and interests therein, NUSA has continued using the Infringing Machines without authority or license from Steuben.

45. NUSA is liable for direct infringement of the '468 Patent, and for an amount of damages to be determined at trial.

46. NUSA's infringement of the '468 Patent has irreparably injured and damaged Steuben, and will cause Steuben further irreparable injury and damage in the future unless NUSA is enjoined from further infringement.

47. Steuben is entitled to recovery of treble damages, attorneys' fees, and costs from NUSA in that NUSA's infringement of the '468 Patent has been willful, deliberate, and intentional.

## FOURTH CAUSE OF ACTION
### (Infringement of U.S. Patent No. 6,475,435)

48. Steuben repeats and realleges each of the allegations contained in paragraphs 1 through 47 as if fully set forth here.

49. NUSA has infringed, and continues to infringe, the '435 Patent by, without authorization or approval from Steuben, using the Infringing Machines.

50. NUSA has had actual and direct notice of the '435 Patent since at least November 2011.

51. Despite being actually and directly on notice of the '435 Patent, and Steuben's rights, title and interests therein, NUSA has continued using the Infringing Machines without authority or license from Steuben.

52. NUSA is liable for direct infringement of the '435 Patent, and for an amount of damages to be determined at trial.

53. NUSA's infringement of the '435 Patent has irreparably injured and damaged Steuben, and will cause Steuben further irreparable injury and damage in the future unless NUSA is enjoined from further infringement.

54. Steuben is entitled to recovery of treble damages, attorneys' fees, and costs from NUSA in that NUSA's infringement of the '435 Patent has been willful, deliberate, and intentional.

## FIFTH CAUSE OF ACTION
### (Infringement of U.S. Patent No. 6,209,591)

55. Steuben repeats and realleges each of the allegations contained in paragraphs 1 through 54 as if fully set forth here.

56. NUSA has infringed, and continues to infringe, the '591 Patent by, without authorization or approval from Steuben, using the Infringing Machines.

57. NUSA has had actual and direct notice of the '591 Patent since at least November 2011.

58. Despite being actually and directly on notice of the '591 Patent, and Steuben's rights, title and interests therein, NUSA has continued using the Infringing Machines without authority or license from Steuben.

59. NUSA is liable for direct infringement of the '591 Patent, and for an amount of damages to be determined at trial.

60. NUSA's infringement of the '591 Patent has irreparably injured and damaged Steuben, and will cause Steuben further irreparable injury and damage in the future unless NUSA is enjoined from further infringement.

61. Steuben is entitled to recovery of treble damages, attorneys' fees, and costs from NUSA in that NUSA's infringement of the '591 Patent has been willful, deliberate, and intentional.

**REQUEST FOR RELIEF**

**WHEREFORE**, Steuben respectfully requests that this Court enter judgment against NUSA, and in favor of Steuben, including the following relief:

1. A judgment that U.S. Patent Nos. 6,945,013, 6,536,188, 6,481,468, 6,475,435 and 6,209,591 are valid and enforceable;

2. A judgment declaring that NUSA has infringed the '013 Patent;

3. A judgment declaring that NUSA has infringed the '188 Patent;

4. A judgment declaring that NUSA has infringed the '468 Patent;

5. A judgment declaring that NUSA has infringed the '435 Patent;

6. A judgment declaring that NUSA has infringed the '591 Patent;

7. An injunction permanently enjoining NUSA, and its agents, employees, officers, directors, affiliates, attorneys, successors, and assigns, and all persons in active concert and/or participation with each or any of them, from further infringing the Patents in Suit, whether by direct infringement and/or inducement of infringement in accordance with 35 U.S.C. § 283;

8. An accounting of the profits derived by NUSA as a result of its infringement of the Patents in Suit and an assessment of the damages suffered by Steuben Foods;

9. An award of damages to Steuben adequate to compensate it for NUSA's infringement of the Patents in Suit;

10. A determination that NUSA's infringement of the Patents in Suit has been willful, deliberate, and/or intentional;

11. An award of treble damages for NUSA's willful, deliberate, and/or intentional infringement of the Patents in Suit;

12. An award of interest on the amount of damages found, including pre-judgment and post-judgment interest;

13. A determination that this is an exceptional case pursuant to 35 U.S.C. § 285, thereby entitling Steuben to an award of its costs, expenses, and attorneys' fees incurred in prosecuting this action; and

14. Such further relief that this Court deems proper.

## JURY DEMAND

Steuben Foods demands a trial by jury on all issues so triable.

**DATED:** September 3, 2013

**HISCOCK & BARCLAY, LLP**

/s/     M. Eric Galvez
M. Eric Galvez
Joseph L. Stanganelli (*Pro hac vice* to be filed)
Thomas B. Cronmiller
2000 HSBC Plaza
100 Chestnut Street
Rochester, New York 14604
Telephone (585) 295-4305
jstanganelli@hblaw.com
tcronmiller@hblaw.com

**OBLON, SPIVAK, McCLELLAND, MAIER & NEUSTADT, L.L.P.**
Thomas J. Fisher (*Pro hac vice* to be filed)
1940 Duke Street
Alexandria, Virginia 22314
Telephone: (703) 413-3000
tfisher@oblon.com

Attorneys for the Plaintiff
*Steuben Foods, Inc.*