UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

STEUBEN FOODS, INC.,

                                Plaintiff,

v.

NESTLÉ USA, INC.,

                                Defendant.

_____

**REPORT, RECOMMENDATION AND ORDER**

13-CV-892-EAW-JJM

        This patent infringement action has been referred to me by Hon. William M. Skretny for supervision of pretrial proceedings, including the preparation of a Report and Recommendation on dispositive motions [18].[1]  Before me is the motion [77] by plaintiff Steuben Foods, Inc. ("Steuben") seeking to dismiss the antitrust, invalidity, non-infringement, and tortious interference counterclaims asserted by defendant Nestlé USA, Inc. ("Nestlé"). Oral argument was held on June 18, 2015 [89], with further discussion on July 22, 2015 [92].

        For the following reasons, Steuben's motion is stayed in part,[2] and I recommend that, except as stayed, the motion be granted.

_____

       [1]      Bracketed references to CM/ECF docket entries. Although the case has subsequently been reassigned from Judge Skretny to Hon. Elizabeth A. Wolford [54], the pretrial referral to me remains in effect.

       [2]      *See* Herko v. Metropolitan Life Insurance Co., 978 F.Supp. 149, 150 (W.D.N.Y. 1997) (Arcara, J.) ("the district court may reconsider any [nondispositive] pretrial matter decided by a magistrate judge where it is shown that the order is clearly erroneous or contrary to law . . . . Magistrate Judge Foschio's Decision to stay . . . is a nondispositive order").

**BACKGROUND**

Steuben commenced this action on September 3, 2013, alleging infringement of five U.S. patents (6,945,013; 6,536,188; 6,481,468; 6,475,435; and 6,209,591, collectively the "Steuben patents") relating to apparatuses and methods for filling aseptic containers. Complaint [1]. Steuben has also commenced five other actions against different defendants, alleging infringement of most or all of the same patents. Although the actions have not been formally consolidated, pretrial proceedings in all cases are being coordinated to the extent possible.

On March 31, 2015, Nestlé filed its Answer [70], containing affirmative defenses and several counterclaims. In moving for dismissal pursuant to Fed. R. Civ. P. ("Rule") 12(b)(6), Steuben argues that the following counterclaims fail to state a viable claim for relief: Counts One, Three, Five, Seven and Nine (to the extent they seek a declaration that Nestlé does not indirectly infringe the Steuben patents); Counts Two, Four, Six, Eight and Ten (seeking to declare the Steuben patents invalid); Count 11 (alleging antitrust violations under Section 2 of the Sherman Act, 15 U.S.C. §2); and Count 12 (alleging tortious interference with prospective business relationships and/or prospective economic advantage).

**ANALYSIS**

A.      **The Applicable Pleading Standard**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face . . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal

556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but

it asks for more than a sheer possibility that a defendant has acted unlawfully . . . . Where a

complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the

line between possibility and plausibility of entitlement to relief." Id.[3]

**B.       Counts One, Three, Five, Seven and Nine**

These counterclaims seek  a declaration that Nestlé does not infringe the Steuben

patents, either directly or indirectly. Steuben challenges these counterclaims only to the extent

that they seek a declaration that Nestlé does not indirectly infringe, noting that "at present,

Steuben has not accused [Nestlé] of indirect infringement. Steuben's complaint . . . only asserts

claims for direct infringement of its patents". Steuben's Memorandum of Law [75], p. 20. While

conceding that Steuben does not presently allege indirect infringement, Nestlé argues that

Steuben "has not foreclosed that option for future complaints". Nestlé's Memorandum in

Opposition [83], p. 7.

The fact that Steuben has not ruled out the possibility of asserting a claim for

indirect infringement at some future date does not presently entitle Nestlé to seek a declaration

that it does not indirectly infringe Steuben's patents, since "a party seeking a declaratory

judgment has the burden of establishing the existence of an actual case or controversy". Cardinal

Chemical Co. v. Morton International, Inc., 508 U.S. 83, 95 (1993). "In order for [a] case to be

---

[3]       I continue to question how the "plausibility" standard can be reconciled with Rule 84, which states that the Appendix pleading forms - *none* of which meet that standard - "suffice under these rules and illustrate the simplicity and brevity which these rules contemplate". Although Rule 84 is scheduled to be repealed on December 1, 2015 as part of this year's Rules amendments, as of now it remains in effect. However, since the parties do not raise this point, I will apply the plausibility standard.

one fit for judicial review, [a party] must be able to demonstrate that it has a reasonable

apprehension of *imminent* suit." Teva Pharmaceuticals USA, Inc. v. Pfizer, Inc. 395 F.3d 1324,

1333 (Fed. Cir. 2005), cert. denied, 546 U.S. 958 (2007) (emphasis in original). "If the potential

harm is uncertain or is contingent on another event that may or may not occur, then the parties'

interests are not yet sufficiently adverse to constitute an actual controversy." 15 Moore's Federal

Practice §101.80[3] (3d ed. 2015) .

Therefore, I recommend that these counterclaims be dismissed to the extent that

they seek such relief, without prejudice to possible reassertion at a later date.

**C.      Counts Two, Four, Six, Eight and Ten**

Steuben argues that Nestlé's counterclaims seeking a declaration of patent

invalidity fail to satisfy Iqbal's plausibility requirement. However, Nestlé has also asserted

affirmative defenses of invalidity, the pleading of which Steuben does not challenge. *See* Sibley

v. Choice Hotels International, Inc., 304 F.R.D. 125, 133, n. 5 (E.D.N.Y. 2015) (citing "the

wealth of recent caselaw holding that the Twombly/Iqbal plausibility standard does not apply to

affirmative defenses").

Since the question of invalidity will be at issue in any event, I need not decide at

this time whether a counterclaim for invalidity has been properly alleged. "It is well established

that district courts possess the inherent power . . . to manage their dockets so as to achieve the

orderly and expeditious disposition of cases", In re World Trade Center Disaster Site Litigation,

722 F.3d 483, 487 (2d Cir. 2013), "includ[ing] the authority to decide the order in which to hear

and decide pending issues". <u>Marinechance Shipping, Ltd. v. Sebastian</u>, 143 F.3d 216, 218 (5th

Cir.), <u>cert. denied</u>, 525 U.S. 1055 (1998).

Therefore, I will stay consideration of Steuben's challenge to Nestlé's invalidity

counterclaims until a later date. *See* <u>City of New York v. Gutlove & Shirvint, Inc.</u>, 2008 WL

4862697, *1 (E.D.N.Y. 2008) ("the Court may, in the interests of justice, stay proceedings *sua*

*sponte*").


**D.     Count 11**

Count 11 of Nestlé's counterclaims alleges antitrust violations under Section 2 of

the Sherman Act, 15 U.S.C. §2. However, "[t]hose who petition government for redress are

generally immune from antitrust liability". <u>Professional Real Estate Investors, Inc. v. Columbia</u>

<u>Pictures Industries, Inc. ("PRE")</u>, 508 U.S. 49, 56 (1993). "[D]efendants are immune from

antitrust liability for engaging in conduct (including litigation) aimed at influencing

decisionmaking by the government . . . . But under a 'sham exception' to this doctrine, activity

ostensibly directed toward influencing governmental action' does not qualify for . . . immunity if

it is a mere sham to cover an attempt to interfere directly with the business relationships of a

competitor." <u>Octane Fitness, LLC v. ICON Health & Fitness, Inc.</u>, ___U.S.___, 134 S.Ct. 1749,

1757 (2014). "[T]o qualify as a 'sham,' a lawsuit must be objectively baseless and must conceal

an attempt to interfere directly with the business relationships of a competitor . . . . In other

words, the plaintiff must have brought baseless claims in an attempt to thwart competition (*i.e.*,

in bad faith)." <u>Id</u>.

Steuben suggests that "if Nestlé is permitted to move forward with its antitrust claim . . . Steuben intends to seek bifurcation of Nestlé's antitrust counterclaims, and to stay all discovery relating to those claims, as is common practice in patent cases". July 15, 2015 letter brief [93], p. 3, noting "the now-standard practice of separating for trial patent issues and those raised in an antitrust counterclaim". In re Innotron Diagnostics, 800 F.2d 1077, 1084 (Fed. Cir. 1986).

Although no formal motion for stay has yet been made, when I raised the issue during the July 22 conference, the parties agreed to defer decision on Steuben's motion to dismiss Nestlé's antitrust counterclaims, and to stay discovery on those claims (if viable) to a later date. See Orthophoenix, LLC v. Dfine, Inc., 2015 WL 1938702, *1 (D.Del. 2015) ("These related cases are already large and complex and the Court concludes that the best exercise of its discretion is to focus the parties on litigating the . . . 15 patents-in-suit . . . and the multiple accused products sold by the various defendant groups. Stryker's antitrust counterclaim raises complex issues potentially requiring discovery well beyond what is relevant to patent infringement and invalidity. While there may be considerable overlap between the antitrust and patent issues, there will also likely be substantial and expensive discovery that is related solely to antitrust issues, and which may prove to be largely or entirely unnecessary after resolution of the patent issues").[4]

Therefore, I will stay consideration of Steuben's challenge to Nestlé's antitrust counterclaim until a later date.

---

[4]     For example, a judgment in favor of Steuben on any of its infringement claims would nullify Nestlé's antitrust counterclaim, since "[a] pending lawsuit is by definition a reasonable effort at petitioning for redress and therefore not a sham". PRE, 508 U.S. at 61, n. 5.

**E.      Count Twelve**

Since Nestlé's tortious interference counterclaim is premised upon Steuben's allegedly "sham patent infringement litigation" (Answer, ¶326), for the reasons previously discussed I will likewise stay consideration of Steuben's challenge to this counterclaim.

**CONCLUSION**

For these reasons, I recommend that Steuben's motion to dismiss [77] be granted in part, by dismissing Counts One, Three, Five, Seven and Nine of Nestlé's counterclaims to the extent that they seek a declaration that Nestlé does not indirectly infringe the Steuben patents, without prejudice to possible reassertion of those counterclaims should Steuben subsequently allege indirect infringement. Consideration of the remainder of Steuben's motion will be stayed to a later date.

Unless otherwise ordered by Judge Wolford, any objections to this Report, Recommendation and Order must be filed with the clerk of this court by August 10, 2015 (applying the time frames set forth in Rules 6(a)(1)(C), 6(d), and 72(b)(2)). Any requests for extension of this deadline must be made to Judge Wolford.  A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge".  Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: July 24, 2015

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge