UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

STEUBEN FOODS, INC.,

          Plaintiff,

v.

NESTLÉ USA, INC.,

          Defendant.

---

**DECISION AND ORDER**

1:13-CV-00892 EAW JJM

On July 29, 2016, at one of the regularly scheduled status conferences held before United States Magistrate Judge McCarthy, defendant Nestlé USA, Inc. ("Defendant") made an oral motion for the production of two emails withheld by plaintiff Steuben Foods, Inc. ("Plaintiff") on the grounds of attorney-client privilege. (Dkt. 194, 196). The emails reflected an exchange between Thomas Taggart and Daniel Newitt dated July 26, 2009. (Dkt. 191, 192). Mr. Taggart is the named inventor of the patents at issue in this litigation. (Dkt. 200 at 1). Mr. Newitt is listed with Mr. Taggart as co-inventor of Plaintiff's '985 patent (U.S. Patent No. 6,702,985) and was Plaintiff's paid consultant at the time of the email exchange. (*Id.*). Neither Mr. Taggart nor Mr. Newitt is an attorney.

Defendant objected to Plaintiff's claim that the email was privileged, and asked Judge McCarthy to direct its production in advance of Mr. Taggart's deposition. (Dkt. 196 at 73-75). Judge McCarthy directed Plaintiff's counsel to submit a letter outlining the basis for the claim of privilege. (*Id.* at 80; Dkt. 194). Plaintiff filed its letter brief in accordance with Judge McCarthy's scheduling order on August 3, 2016. (Dkt. 199). The following day, Judge McCarthy issued a Decision and Order finding that Plaintiff had

failed to establish that the email exchange should be withheld on the grounds of privilege. (Dkt. 200). Although Judge McCarthy granted Plaintiff an opportunity to seek a stay of that Decision and Order from this Court, Plaintiff elected not to do so, and instead produced the document in advance of Mr. Taggart's deposition. (Dkt. 203 at 7).

Notwithstanding its production of the document, Plaintiff now seeks review of Judge McCarthy's Decision and Order. (Dkt. 203). Defendant filed papers in opposition to Plaintiff's objections. (Dkt. 215).

The standard of review with respect to Plaintiff's objections is highly deferential—Judge McCarthy's determination is nondispositive, and, as such, it may be set aside only if clearly erroneous or contrary to law. *See, e.g., Eisai Ltd. v. Dr. Reddy's Labs., Inc.*, 406 F. Supp. 2d 341, 342 (S.D.N.Y. 2005) ("Under Fed. R. Civ. P. 72(a), a District Court may set aside a Magistrate Judge's determination on a '[n]ondispositive [m]atter[]' only if that determination is 'clearly erroneous or contrary to law.' Discovery rulings, including those regarding privilege issues, are nondispositive matters subject to that standard of review." (alterations in original)); *Tompkins v. R.J. Reynolds Tobacco Co.*, 92 F. Supp. 2d 70, 74 (N.D.N.Y. 2000) ("[D]istrict courts within the Second Circuit consistently have applied the 'clearly erroneous or contrary to law' standard of review when privilege determinations are appealed.").

Here, as the party claiming that the email exchange was privileged, Plaintiff had the burden to establish its entitlement to withhold the document from production. *Schanfield v. Sojitz Corp. of Am.*, 258 F.R.D. 211, 214 (S.D.N.Y. 2009) ("It is axiomatic that the burden is on a party claiming the protection of a privilege to establish those facts

that are the essential elements of the privileged relationship, a burden not discharged by mere conclusory or ipse dixit assertions." (quoting *In re Grand Jury Subpoena Dated Jan. 4, 1984*, 750 F.2d 223, 224-25 (2d Cir. 1984))).

This Court has reviewed the record before Judge McCarthy, including the redacted and unredacted email exchange, the privilege log, the transcript of the appearance on July 29, 2016, and the letter brief submitted by Plaintiff in support of its claim of privilege. It is apparent that Plaintiff wholly failed to establish its entitlement to withhold the email exchange on the grounds of privilege. To the extent that Plaintiff now contends that it has additional factual support for its privilege claims, and that it did not submit this material to Judge McCarthy because it understood that its letter brief was only supposed to address the legal issues raised by the document (Dkt. 203 at 18), this Court is unpersuaded. Defendant asked Judge McCarthy to order the production of the document in advance of Mr. Taggert's deposition. The document, on its face, does not appear to be privileged. Thus, to the extent Plaintiff was seeking to withhold the document from production and prevent its compelled production by Judge McCarthy, the time to submit its support for its claim of privilege—whether from a factual or legal perspective—was in the submissions to Judge McCarthy. That Plaintiff failed to do so is not grounds for review of Judge McCarthy's Decision and Order. Because Judge McCarthy's determination was neither contrary to law nor clearly erroneous, Plaintiff's objections are denied.

- 4 -

## **CONCLUSION**

For the foregoing reasons, Plaintiff's objections (Dkt. 203) are denied, and the Decision and Order of Magistrate Judge McCarthy (Dkt. 200) is affirmed in all respects.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: October 19, 2016
       Rochester, New York